UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHANNON L. POTTER,

Plaintiff,

v.

CAUSE NO. 3:19-CV-722-DRL-MGG

WARDEN GALIPEAU, *et al.*,

Defendants.

OPINION AND ORDER

Shannon L. Potter, a prisoner without a lawyer, filed a motion for a preliminary injunction. In the amended complaint, Mr. Potter alleged that correctional staff used excessive force on him and expressed concerns that they would retaliate against him by fabricating conduct reports and imposing disciplinary measures. ECF 6. In the instant motion, he asserts that he was issued a conduct report two months after the use of force incident, in retaliation for this lawsuit; and he further asserts that he has been disallowed from participating in an educational program. He seeks injunctive relief to prevent further retaliation.

The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit. *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir.1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest."*Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). "A potential injury is irreparable when the threatened harm would impair the court's ability to grant an effective remedy." *EnVerve, Inc. v. Unger Meat Co.*, 779 F. Supp. 2d 840, 844 (N.D. Ill. 2011). "Irreparable harm

is harm which cannot be repaired, retrieved, put down again, [or] atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997).

To start, it is unclear how an untimely conduct report, the inability to participate in an educational program, or any other routine disciplinary measure constitutes irreparable harm. Furthermore, the conduct report, which Mr. Potter has attached, indicates that it was prepared on August 20, 2019, and that it was submitted and assigned a case number one day later. ECF 8-1 at 1. The dates on this document undermine the allegation that the conduct report was issued in retaliation for this lawsuit because Mr. Potter did not file his initial complaint until September 5, 2019. ECF 1. Additionally, with respect to the competing and public interests, unnecessary intrusions into the management of prisons are generally disfavored. *See* 18 U.S.C. § 3626(a) (prison-related injunctions must be necessary to remedy the violation and narrowly tailored); *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) ("Prison officials have broad administrative and discretionary authority over the institutions they manage."). In sum, Mr. Potter has not demonstrated that he is entitled to injunctive relief, and the instant motion must be and is DENIED (ECF 8).

SO ORDERED.

October 31, 2019                              *s/ Damon R. Leichty*
                                             Judge, United States District Court